IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA GAIL HOLMES, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. 2:14cv711-SRW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|      Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Lisa Gail Holmes commenced this action on July 29, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability, disability insurance, and supplementary security income benefits.  On September 30, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1]  The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ.

supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## DISCUSSION

On December 11, 2012, plaintiff submitted applications for disability insurance benefits, Supplemental Security Income, and a period of disability with an alleged disability onset date of December 5, 2012. The ALJ found that plaintiff meets the insured

status requirements through December 31, 2016. He determined that plaintiff has not engaged in substantial gainful activity since her alleged onset date and that she has the severe impairments of obesity; neck pain secondary to status post carotid endarterectomy, secondary to episode of global ischemia due to 75% stenosis at the arch of the internal carotid, left; degenerative disc disease, lumbar spine, with marked degenerative changes at L4-L5 and L5-S1, with radiculopathy; moderately severe cervical disc degeneration C5-C6 with spondylosis; minimal multilevel disc degeneration and spondylosis throughout cervical spine; small central disc bulge at C2-C3; mild disc bulge at C3-C4; small disc protrusion with slightly cord impingement at C4-C5; small disc bulge at C5-C6; cervical spinal stenosis; cervical radiculopathy; polyarthralgias; chronic obstructive pulmonary disease ("COPD"); chronic hepatitis C infection; and edema. The ALJ concluded that none of the severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014).

Based on the plaintiff's severe impairments, the ALJ developed a residual functional capacity ("RFC") assessment that limited plaintiff to sedentary work. After considering testimony from a vocational expert, the ALJ concluded that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform despite her limitations. The ALJ concluded that plaintiff is not disabled.

On appeal, plaintiff argues that the ALJ (1) did not properly apply the pain standard set out in Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); (2) failed to assess the plaintiff's mental RFC, as required by SSR 96-8p and SSR 85-15; and (3) impermissibly

engaged in "sit and squirm jurisprudence."  (Doc. # 12 at pp. 6-7). Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain renders her disabled, plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" Edwards v. Sullivan, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)); see also Holt, 921 F.2d at 1223. If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Jones v. Bowen, 810 F.2d 1001, 1004 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied those legal principles. He partially credited plaintiff's subjective testimony and complaints in formulating the RFC assessment that limits plaintiff to sedentary work. However, the ALJ concluded that, while plaintiff's medically determinable impairments could reasonably be expected to produce the alleged pain symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The ALJ articulated reasons for discrediting plaintiff's testimony.  See Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

The ALJ reached his credibility determination based, in part, on his personal observations of the plaintiff at the hearing. Also, the ALJ found that plaintiff's testimony about pain and its limiting effects was not supported by the medical evidence of record and conflicted with plaintiff's testimony about her daily activities. The ALJ noted that none of plaintiff's physicians placed limitations on plaintiff's daily activities. Thus, the ALJ fulfilled his obligation to articulate reasons in support of his credibility determination. Those reasons are based on substantial evidence. (Doc. # 14-2 at pp. 24-30).

The plaintiff argues that the ALJ failed to assess the plaintiff's mental status in formulating the RFC, as required by SSR 96-8p and SSR 85-15. Specifically, plaintiff alleges that the ALJ did not make the requisite findings regarding plaintiff's ability to perform basic work-related activities. That allegation is not supported by the ALJ's written decision, which conforms to the applicable legal standards. As the Commissioner correctly asserts, the ALJ discussed plaintiff's alleged mental impairments and their potential impact on work-related activities, and found that plaintiff's mental impairments cause no more than minimal, rather than severe, limitations. (Doc. #14-2 pp. 21-23). Accordingly, insofar as plaintiff argues that the ALJ did not engage in an assessment of plaintiff's mental state pursuant to SSR 96-8p and SSR 85-15, this argument is without merit. Also, the ALJ's conclusions are made in conformity with these regulations, and they are supported by substantial evidence. The ALJ relies on medical source evidence, including that provided by a state agency physician who determined that plaintiff does not have a severe mental impairment, as well as medical records and testimony from plaintiff's treating physician. (Doc. # 14-2 at p. 23).

As a subpart of her argument that the ALJ did not assess her mental impairments, the plaintiff also asserts that the ALJ erred by neglecting to address how side effects from plaintiff's medication might affect her ability to concentrate and perform work-related activities.  (Doc. # 12 at pp. 12-13).  It is undisputed that the ALJ did not expressly discuss plaintiff's allegation that her mental state was negatively impacted by side effects from her medications.  However, the plaintiff does not offer objective evidence from on or after her alleged disability onset date that she complained to her physicians about side effects from medication, nor has she presented medical evidence of side effects from her medications.  The only evidence identified by the parties that plaintiff suffers side effects from her medications is her hearing testimony.  The ALJ considered plaintiff's subjective testimony and, for the reasons discussed above, his decision to discredit her testimony about the severity and limitations caused by her symptoms, which necessarily included her testimony about medication side effects, is appropriately addressed in his written decision.

Further, the court concludes that the ALJ was not under a legal duty to render specific findings in his written decision regarding plaintiff's testimony about side effects from medication. "Mere lists of potential side effects do not establish that a claimant in fact experienced such side effects." Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 938 (11th Cir. 2011).  "The ALJ must consider the side effects of [a claimant's] medication where their existence is supported by substantial evidence." Peacock v. Astrue, 2008 WL 2074426, at *7 (M.D. Ala. 2008) (citing Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990)).  This court agrees with the holding in Peacock that an ALJ does not err by failing to discuss whether medication side effects affect a claimant's ability to work where there

is a "lack of medical records indicating that [the claimant's] medication caused any debilitating side effects." Id. Such is the case here, and the ALJ did not err by failing to discuss plaintiff's testimony about side effects from her medications expressly and particularly in formulating her RFC.

Finally, plaintiff's argument that the ALJ committed the error of engaging in "sit and squirm jurisprudence" is belied by the ALJ's written decision and is not supported by the record. In his written decision, the ALJ expressly acknowledges the Eleventh Circuit's prohibition against "sit and squirm jurisprudence," McRoberts v. Bowen, 841 F.2d 1077, 1081 (11th Cir. 1988), and explains that his personal observations of the plaintiff at the hearing were not dispositive, but were considered for the permissible purpose of assessing plaintiff's credibility, Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987); Norris v. Heckler, 760 F.2d 1154, 1157-58 (11th Cir. 1985). (Doc. # 14-2 at pp. 28-29 n. 2). Such observations are appropriate for credibility determinations, and the written decision and record as a whole do not indicate to the court that the ALJ engaged in impermissible "sit and squirm jurisprudence." To the contrary, it is evident that the ALJ made efforts to avoid that particular impropriety.

## CONCLUSION

Upon consideration of the parties' briefs and the record, the court concludes that the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by separate judgment.

DONE, this the 30th day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge